## GAUCHE v. TRAUTMAN.

A person who buys a lease at a judicial sale, is not entitled to recover rent accruing after the sale, out of the funds produced by the sale.

A party who procures a sale, will not be permitted to complain of any ambiguity in its terms.

APPEAL from the First District Court of New Orleans, *Larue, J. Cyprian Dufour*, for plaintiff. *M. M. Cohen, H. St. Paul* and *F. C. Laville*, for defendant.

The facts of this case bearing on the point on which it was decided by the Supreme Court, are thus stated by Judge Larue:

"This is a rule for the distribution of funds in the hands of the sheriff, resulting from a sale of certain movables seized and sold in the case of *John Gauche* v. *Mr. and Mrs. Trautman.* The amount in the sheriff's hand is $670 72, and the only question is, who of the claimants is entitled to it, and to what amount? On the 21st of April, 1851, *Gauche* obtained a judgment for $320, an amount of rent then due for the months of February and March, and a further judgment for the sum of $960, payable at the rate of $160 a month, up to the 1st day of October, 1851; and a further judgment for the sum of $220, with vendor's privilege upon the fixtures in the store.

"The fixtures were sold for the sum of $34, and were bought by the plaintiff in the suit. To that amount he is entitled.

"After the judgment was rendered, he caused to be seized, and had sold, on the 16th of June, the lease of the premises, for the rent of which he had previously obtained judgment, which he bought himself, for the sum of $50."

By the court:

SLIDELL, J. Considering the judicial sale of the lease, and its purchase by the appellant, we are of opinion, that the court below did not err in refusing to allow him, out of the monies distributed under the sale, rent accruing after the 16th June, 1851. According to the terms of advertisement, the purchaser of the lease was to pay rent accruing after such purchase. Such it seems would have been the obligations imposed on any third person who might have purchased. Even if there was an ambiguity in the terms of sale, the appellant, who procured the sale himself, aught not to be permitted to complain on that score, as the matter now stands.

Judgment affirmed, with costs.